UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

NORTH JERSEY MEDIA GROUP, INC.,

              Plaintiff,

  - against -

ROGER NUNN and JOHN DOES NOS. 1-5,

             Defendants.

------------------------------------------X

13 Civ. 1695 (RWS)

OPINION

A P P E A R A N C E S:

Attorneys for Plaintiff

DUNNEGAN & SCILEPPI LLC
350 Fifth Avenue
New York, NY 10118
By: William I. Dunnegan, Esq.
    Ella R. Aiken, Esq.

Attorneys for Defendant

LAW OFFICE OF FRANK J. COLUCCI
218 East 50th Street
New York, NY 10022
By: Frank J. Colucci, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/13

**Sweet, D.J.**

Defendant Roger Nunn ("Nunn" or "Defendant") has moved to dismiss the complaint of plaintiff North Jersey Media Group ("NJ" or "Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(2) ("Rule 12(b)(2)") for lack of personal jurisdiction. Based on the conclusions set forth below, the motion is granted and the complaint is dismissed.

**Prior Proceedings**

NJ is a New Jersey corporation with its principal place of business located in Woodland Park, New Jersey. Nunn is a natural person and California resident.

On March 13, 2013, NJ filed a complaint ("Complaint") alleging that Nunn violated NJ's copyright of a photographic image depicting firefighters raising an American flag at the site of the World Trade Center in the immediate aftermath of the events that took place in New York City on September 11, 2001 (the "WTC Photo") by selling a copy of the WTC Photo over the internet.

Nunn moved to dismiss the Complaint for lack of personal jurisdiction. The motion was marked fully submitted on July 3, 2013.

**The Facts**

Nunn, by affidavit, has submitted the following facts, which have not been contravened by NJ:

In 2008, Nunn obtained a copy of the WTC Photo from the website of the Rocky Mountain News, a newspaper publication based in Denver, Colorado. The WTC Photo was displayed on the website along with language indicating that the public was free to use it so long as attribution for the photograph remained intact and unmodified.

On or about December 7, 2012, Nunn sold a copy of the WTC Photo through a website called bonanza.com for approximately $4.89. After deducting bonanza.com's fee of $0.50, PayPal's merchant service fee of $0.35, and his estimated cost of $1.00 for production of the photograph, Nunn's total net profit from the WTC Photo was approximately $3.04. The December 7, 2012 sale of the WTC Photo was the only

sale that Nunn made of that image. The photo was purchased by an individual named Megan Mathilde, who had a shipping address identical to the address of NJ's counsel's office on Fifth Avenue in New York, New York.

On January 25, 2013, Nunn received a cease and desist letter from NJ's counsel indicating that NJ was the copyright holder of the WTC Photo, and thus objected to Nunn's sale of the photograph through bonanza.com, and demanding that Nunn cease and desist from any further sales, confirm cessation of the sales, disclose all sales, and provide an accounting of profits and disclosure of any third party sellers. On January 31, 2013, Nunn responded to NJ's letter by explaining the circumstances of his one sale – namely, that he understood he was authorized to use the WTC Photo by Rocky Mountain News as long as he provided accreditation and attribution of the photograph (which he did). Nunn also stated that he had removed the WTC Photo from bonanza.com, destroyed the source image, and ceased all further sales of the WTC Photo in compliance with NJ's demands.

On April 24, 2013, an offer of judgment pursuant to Fed. R. Civ. P. 68 (the "Offer") was made by Nunn and served

on the attorneys for NJ.  The Offer included Nunn's consent to a permanent injunction as well as a judgment in the amount of the greater of NJ's lost profit on Nunn's sale or NJ's selling price for its photograph. No response from NJ regarding the Offer has been received by Nunn.

Nunn has traveled to the State of New York very infrequently over the past thirty years, and his last visit was to attend a conference on behalf of a former employer approximately seven years ago.  Nunn does not maintain an office in the State of New York, nor does he have a New York bank account, property, telephone listing, employees, or agents in the State of New York, nor does he regularly conduct or transact business in the State of New York or have any other connection to New York that would subject him to personal jurisdiction in that state.

**The Applicable Standard**

In considering a motion to dismiss pursuant to Rule 12, the Court construes the complaint liberally, accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. Mills v. Polar Molecular

4

Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 235-36 (1974)).

Rule 12(b)(2) requires that a court dismiss a claim if the court does not have personal jurisdiction over the defendant. See Fed. R. Civ. P. 12(b)(2). In determining a motion to dismiss a complaint under Rule 12(b)(2) for lack of personal jurisdiction, a court must first apply the law of the state where the court sits to determine if personal jurisdiction exists. Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999). The plaintiff bears the burden of establishing that the court has jurisdiction over a defendant when served with a Rule 12(b)(2) motion to dismiss. DiStefano v. Carozzi North Am. Inc., 286 F.3d 81, 84 (2d Cir. 2001).

"[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping

Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citations omitted).  As such, a court may rely on evidence outside of the pleadings, including declarations submitted in support of the motion and any records attached to these declarations.  See Makarova, 201 F.3d at 113 ("In resolving a motion to dismiss ... a district court ... may refer to evidence outside the pleadings.").

**There Is No Personal Jurisdiction Over Nunn**

In order for a federal court sitting in New York to assert personal jurisdiction over Nunn, a California resident, NJ must satisfy the requirements of both New York's long-arm statute, N.Y. C.P.L.R. § 302 ("§302"), as well as the Due Process Clause.  Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 169 (2d Cir. 2010).

Under §302:

> a court may exercise personal jurisdiction
> over any non-domiciliary, or his executor
> or administrator, who in person or through
> an agent . . . transacts any business within
> the state or contracts anywhere to
> supply goods or services in the state.

6

Id. (quoting §302). In general, an allegation of a defendant's infringing sales to residents in New York is sufficient to satisfy §302. See Mattel, Inc. v. Adventure Apparel, No. 00 civ. 4085 (RWS), 2001 WL 286728, at *3 (S.D.N.Y. Mar. 22, 2001) ("Here, Falsone ordered allegedly infringing merchandise from Adventure over its web site, using his credit card, and Adventure shipped that merchandise into New York. This activity not only involved the exchange of payment and shipping information but, moreover, was a commercial transaction that was actually consummated on line. These activities were sufficient to bring Adventure into the category of a defendant 'transact[ing] any business,' via the internet, in New York within the meaning of N.Y. C.P.L.R. § 302(a)(1)."). Here, NJ has made such an allegation, and thus has satisfied New York's long-arm statute.

The due process portion of the jurisdictional analysis involves two components: "(1) the minimum contacts inquiry and (2) the reasonableness inquiry." Queen Bee, 616 F.3d at 171.

The minimum contacts inquiry examines whether a defendant had sufficient level of contact with the forum state such that the exercise of personal jurisdiction over the defendant would comport with his right to due process. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). In order to find the existence of the requisite minimum contacts between the defendant and the forum state, there must be a "substantial connection" between the two, which is manifested "by an action of the defendant purposefully directed toward the forum State." Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., 480 U.S. 102, 112 (1987).

Due process also requires a level of foreseeability, such that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." WorldWide Volkswagen, 444 U.S. at 297. Foreseeability is required in order to satisfy the rigors of due process because when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, it has clear notice that it is subject to suit there." Id. (internal quotations and citation omitted).

8

Here, NJ has not established that Nunn purposefully directed his actions toward New York and availed himself of the privilege of doing business in New York. The single instance of Nunn selling the WTC Photo occurred because NJ directed its counsel to order the photograph and have it shipped to the counsel's offices, which are located in New York. Courts in this Circuit have held this type of "manufactured" contact to be insufficient to satisfy the minimum contacts element of the Due Process analysis. See Edberg v. Neogen Corp., 17 F. Supp. 2d 104, 112 (D. Conn. 1998) ("Only those contacts with the forum that were created by the defendant, rather than those manufactured by the unilateral acts of the plaintiff, should be considered for due process purposes. To hold otherwise would allow a plaintiff to manufacture jurisdiction over a non-resident defendant in any forum, regardless of how inconvenient, even when the defendant has not purposefully directed any activity toward the forum state."); see also Unique Indus., Inc. v. Sui & Sons Int'l Trading Corp., No. 05-CV-2744 (KMK), 2007 WL 3378256, at *5 (S.D.N.Y. Nov. 9, 2007) (collecting numerous cases from courts within the Circuit demonstrating "judicial hostility towards finding jurisdiction under . . . potentially manufactured circumstances").

With respect to the reasonableness element of the Due Process analysis, courts consider five factors:

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

Queen Bee, 616 F.3d at 164-65 (quoting Asahi, 480 U.S. at 113-14).

Particularly given the fact that Nunn's one sale of the WTC Photo, which resulted in a net profit of $3.04, constitutes a *de minimis* level of conduct, the factors set forth above militate against the exercise of personal jurisdiction over Nunn in New York. The exercise of jurisdiction over Nunn would impose a substantial burden on him, given that he lives in California. Moreover, the forum state – here, New York – has minimal interest in adjudicating this action, as neither of the parties is located in New York,

and the action's only connection to New York is NJ's arrangement for a single copy of the WTC Photo to be shipped to the offices of its New York counsel.  Accordingly, this case may be litigated as efficiently in California as in New York, and, in any event, California has a greater interest in adjudicating the actions of one of its residents as they relate to the copyright laws of the United States.  Finally, NJ's interest in obtaining convenient and effective relief is demonstrably negligible, given that, prior to NJ's filing suit, Nunn promptly responded to NJ's January 25, 2013 cease and desist letter by explaining the circumstances of his one sale of the WTC Photo, removing the WTC Photo from Bonanza, destroying the source image, and ceasing all sale of the WTC Photo in compliance with NJ's demands.  Notwithstanding all of these actions taken by Nunn, NJ proceeded to file suit in New York over a single sale amounting to five dollars.

      Though NJ cites to the Mattel case in support of its position, the case is inapposite.  In Mattel, the defendant purposefully selected, registered and utilized the domain names "barbiesbeachwear.com" and "barbiesclothing.com," which were domains "parked" at its Adventure Apparel website and connected with its ongoing Adventure Apparel retail business.

11

2001 WL 286728, at *3. Here, Nunn was not engaged in any ongoing business, and moreover did not affirmatively engage in a transaction with a New York customer.

NJ has failed to establish that Nunn's conduct satisfies either the minimum contacts inquiry or the reasonableness inquiry; accordingly, Nunn's right to due process bars this Court's exercise of personal jurisdiction over him in the instant action.

## Conclusion

Upon the facts and conclusions set forth above, Nunn's motion to dismiss for lack of jurisdiction is granted and the Complaint is dismissed.

It is so ordered.

**New York, NY**
**September 18, 2013**

_____
ROBERT W. SWEET
U.S.D.J.

12